IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SHANTELL D. NEWMAN, | : |
| Plaintiff, | : |
| v. | : Civil Action No. 21-1480-RGA |
| NEW CASTLE COUNTY POLICE DEPARTMENT, et al., | : |
| Defendants. | : |

Shantell D. Newman, Wilmington, Delaware. Pro Se Plaintiff.

**MEMORANDUM OPINION**

April 8, 2022
Wilmington, Delaware

ANDREWS, U.S. District Judge:

Plaintiff Shantell Newman appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 5). She alleging civil rights violations pursuant to 42 U.S.C. § 1983. (D.I. 2). The Court proceeds to screen the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

## BACKGROUND

The following facts are taken from the Complaint and assumed to be true for purposes of screening the Complaint. *See Umland v. PLANCO Fin. Servs., Inc.*, 542 F.3d 59, 64 (3d Cir. 2008). Plaintiff names a number of Defendants for actions that allegedly took place in 2014, 2017, and 2021. (D.I. 2 at 1-7). She claims violations of the Fourteenth Amendment to the United States Constitution under the Equal Protection Clause and alleges police used force to evict her. She also alleges that she was denied the right to a fair trial when police and judges allowed photoshopped non-authenticated fake evidence that the State asked Plaintiff to provide. She seeks one billion dollars in damages.

## SCREENING OF COMPLAINT

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013). *See* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008);

*Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Plaintiff proceeds *pro se*, her pleading is liberally construed and her Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94.

A complaint is not automatically frivolous because it fails to state a claim. *See Dooley v. Wetzel*, 957 F.3d. 366, 374 (3d Cir. 2020). "Rather, a claim is frivolous only where it depends 'on an "indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario.'" *Id*.

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§1915 and 1915A, the Court must grant Plaintiff leave to amend her complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S.10 (2014). A complaint may not dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id*. at 11.

A court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## DISCUSSION

For purposes of the statute of limitations, § 1983 claims are characterized as personal injury actions. *Wilson v. Garcia*, 471 U.S. 261, 275 (1985). In Delaware, § 1983 claims are subject to a two-year limitations period. *See* 10 Del. C. § 8119; *Johnson v. Cullen*, 925 F.Supp. 244, 248 (D. Del. 1996). Section 1983 claims accrue "when the plaintiff knew or should have known of the injury upon which its action is based." *Sameric Corp. v. City of Philadelphia*, 142 F.3d 582, 599 (3d Cir. 1998).

The statute of limitations is an affirmative defense that generally must be raised by the defendant, and it is waived if not properly raised. *See Benak ex rel. Alliance Premier Growth Fund v. Alliance Capital Mgmt. L.P.*, 435 F.3d 396, 400 n.14 (3d Cir. 2006); *Fassett v. Delta Kappa Epsilon*, 807 F.2d 1150, 1167 (3d Cir. 1986). "Although the statute of limitations is an affirmative defense, *sua sponte* dismissal is appropriate when 'the defense is obvious from the face of the complaint and no further factual

3

record is required to be developed.'" *Davis v. Gauby*, 408 F. App'x 524, 526 (3d Cir. 2010) (quoting *Fogle v. Pierson*, 435 F.3d 1252, 1258 (10th Cir. 2006)). Accordingly a court may dismiss a time-barred complaint sua sponte under 28 U.S.C. § 1915(e)(2)(B)(ii).

The Complaint alleges wrongful acts that are identified as occurring in 2014 and 2017 and maybe 2018. Plaintiff did not commence this action until October 22, 2021. Hence, it is evident from the face of the Complaint that all claims that accrued prior to October 22, 2019 are barred by the two year limitations period. They will be dismissed.

While Plaintiff refers to 2021 as a date of occurrence, the Complaint does not connect any of its myriad allegations as happening in 2021. It is not clear that any of the allegations relate to 2021. Therefore, it is impossible to determine which claims occurred in 2014, 2017, or 2021. Defendants cannot properly respond to the complaint as pled. Therefore, the Complaint will be dismissed. Plaintiff will be given leave to amend only those claims that accrued after October 22, 2019. Plaintiff needs to give at least the approximate dates to which the allegations relate,

## CONCLUSION

For the above reasons, the Court will dismiss the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii). Plaintiff will be given leave to amend.

An appropriate Order will be entered.

4